UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELODY DEROUEN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8919** |
| **STATE FARM INSURANCE COMPANY, ET AL.** | **SECTION B(5)** |

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 3). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for stay is **DISMISSED as moot.**

*BACKGROUND*

On August 29, 2005, Hurricane Katrina caused extensive damage to Plaintiffs' property. Plaintiffs' State Farm Fire And Casualty Company[1] ("State Farm") homeowner's insurance policy was in full force and effect on August 29, 2005.

On August 25, 2006, Plaintiff filed suit against Defendants State Farm and Brian R. Bubrig Insurance Agency, Inc. ("Bubrig") in the 25th Judicial District Court for the Parish of Plaquemines. Plaintiffs assert claims of breach of contract and bad faith

---

[1] Incorrectly referred to as State Farm Insurance Company.

1

against Defendant State Farm, *inter alia*.[2]  Plaintiffs further assert claims of negligence against Bubrig for the alleged failure to provide adequate insurance coverage, failure to advise regarding policy coverage, and misrepresentation, *inter alia*.[3]  Defendant State Farm removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.[4]

State Farm contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  State Farm argues that Bubrig, the non-diverse insurance agency, was improperly joined as a defendant.

Plaintiffs contend Bubrig was properly joined as a defendant, therefore, diversity of citizenship is destroyed.  Plaintiffs claim jurisdiction does not exist and move the Court to remand.

---

[2]*See* Petition For Damages And Jury Demand.

[3]*Id.*

[4]Defendants' Notice of Removal stated federal jurisdiction exists pursuant to 29 U.S.C. §§ 1332, 1369 and 1441.  However, Defendants Memorandum in Opposition To Motion To Remand (Rec. Doc. No. 6) abandons the arguments that federal jurisdiction exists pursuant to 29 U.S.C. §§ 1369 and 1441 and proffers the sole argument that federal jurisdiction exists pursuant to 28 U.S.C. § 1332.

*DISCUSSION*

**A.   Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.* at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id* at 573.  A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery.  *Id.*  "In that respect, it is well settled that 'a complaint should

3

not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

State Farm argues Plaintiffs failed to state a viable claim against Bubrig. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[5] A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).* Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406

---

[5]Plaintiffs filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiffs' petition.

(E.D.La. 2006)(quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)). Plaintiffs may prove a set of facts in support of claims entitling it to relief. Therefore, the Court finds that Plaintiffs stated viable claims against Defendant Bubrig.

State Farm further argues that Plaintiffs' claims against Bubrig are perempted. Thus, State Farm claims Bubrig was improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The initial policy procurement falls outside of the three year peremptive period. However, a policy renewal may be the basis of a separate tort when the complained of conduct consists of separate and distinct acts giving rise to "immediately apparent damages." *Southern Athletic Club*, 2006 WL 2583406 (E.D.La. 2006)(citing

*Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La. App. 5 cir. 10/26/04) and *Sonnier v. Louisiana farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La. App. 3 Cir. 3/1/06).

The determinative issue before the Court is whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Here, Plaintiffs allege Bubrig misrepresented insurance policy coverage. Plaintiffs further allege reliance upon Bubrig's

6

misrepresentations.  Moreover, Plaintiff Melody DeRouen stated that Plaintiffs met and/or communicated with Bubrig regarding policy coverage every year after receipt of the renewal.[6]  Without further factual development regarding the basis for Plaintiffs' reliance, and whether or not the reliance was well founded, the Court cannot conclude that Plaintiff has no possibility of recovery against the in-state defendant.

The Court finds Bubrig was not improperly joined and diversity of citizenship is destroyed.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for stay is **DISMISSED as moot.**

New Orleans, Louisiana this 16th day of March, 2007.

UNITED STATES DISTRICT JUDGE

---

[6] Affidavit of Melody DeRouen, ¶ 13.